IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DAVID LEE OLIVER,                          §
                                           §
          Petitioner,                      §
                                           §
v.                                         §          2:08-CV-0050
                                           §
RICK THALER, Director,                     §
Texas Department of Criminal Justice,      §
Correctional Institutions Division,        §
                                           §
          Respondent.                      §


## REPORT AND RECOMMENDATION
## TO DENIED PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed

by petitioner DAVID LEE OLIVER.  By his habeas application, petitioner challenges two (2)

prison disciplinary proceedings held July 30, 2007 at the Jordan Unit in Gray County, Texas.  *See*

Nos. 20070331692 and 20070331697.  For the reasons hereinafter set forth, it is the opinion of the

undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be

DENIED.


I.
BACKGROUND

Petitioner is in respondent's custody pursuant to an April 2, 2003 conviction out of Dallas

County, Texas, for the offense of delivery of a controlled substance, and the resultant 8-year

sentence.[1] *State v. Oliver*, F-0300337-JR.  Further details of petitioner's state court convictions and any post-conviction proceedings is unnecessary since petitioner complains solely of the July 30, 2007 disciplinary proceedings.

## II.
### No. 20070331697

On July 27, 2007, petitioner was notified he was being charged with the prison disciplinary offense of failing to obey an order, a Level 2, Code 24.0 violation, which occurred at 11:35 a.m. on July 25, 2007.[2]  On July 30, 2007, at a hearing on the charges, petitioner entered a plea of guilty to the alleged offense.  The Hearing Work Sheet indicated no witnesses were called but that Inter-Office Communications from Officers Sadler and Long were admitted as documentary evidence. Petitioner was found guilty of the charged disciplinary offense based on the officer's report and petitioner's admission of guilt, and was punished with the forfeiture of 200 days of previously accrued good time credits.  Petitioner filed a Step 1 grievance requesting the disciplinary case be overturned and his good time restored, which was denied on August 10, 2007.  Petitioner filed a Step 2 grievance appealing the disciplinary decision and punishment imposed, which was denied September 4, 2007.

## III.
### No. 20070331692

On July 27, 2007, petitioner was notified he was being charged with the prison disciplinary

---

[1] At the time of the disciplinary proceedings, petitioner was also in respondent's custody pursuant to a May 21, 1991 conviction for the felony offense of possession with intent to deliver a controlled substance out of Dallas County, Texas, and the resultant 15-year sentence.  Petitioner's sentences were running concurrently.  On January 2, 2009 petitioner discharged this 15-year sentence.. *State v. Oliver*, No. F90-55846-UT.

[2] The offense description alleged, "[I]n cell C1-08, [petitioner] was ordered by Officer S. Davis to accept and move into cell C1-05B, and said offense failed to obey the order because it was an integrated cell assignment, and stated that we would have to move him because he was not going to move."

2

offenses of assaulting an offender with a weapon, which resulted in a non-serious injury or no injury, a Level 1, Code 2.1 violation, and failing to obey an order, a Level 2, Code 24.0 violation, which occurred at 3:00 p.m. on July 25, 2007.[3]  On July 30, 2007, after a hearing,[4] petitioner was found guilty of the charged disciplinary offenses based on the officer's report and oral testimony, and was punished with the forfeiture of 365 days previously accrued good time credits.[5]

On August 5, 2007, petitioner filed a Step 1 grievance challenging the disciplinary decision. Although he indicated his grievance was an "Emergency Appeal" and that he was "appealing the disciplinary. . . finding [of] guilt," the only "action" petitioner requested was that a lieutenant be "demoted on all her rank" and, if such action was not taken, that he would file civil rights actions against all "named parties" in their individual capacities in federal court.  On August 6, 2007, petitioner's Step 1 grievance was returned to him as "inappropriate" with instructions to "[r]esubmit this form when corrections are made."  Petitioner did not resubmit his Step 1 grievance seeking appropriate relief and/or action, nor did he file a Step 2 grievance with regard to this disciplinary proceeding.

Petitioner filed the instant habeas petition with this Court on March 7, 2008 challenging both disciplinary proceeding decisions.

---

[3]It was alleged that petitioner "assaulted an offender . . . with a weapon, namely, the food service tray and food, by throwing the food tray with the food hitting offender [], moreover, the assault did not result in any injuries.  Furthermore, [petitioner] was ordered by Lt. J. McAlpine to return the food tray and [petitioner] failed to obey the order."

[4]The Hearing Work Sheet indicated petitioner did not present witnesses or documentary evidence.

[5]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution.  *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

IV.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the

disciplinary proceeding in Case Nos. 200700331692 and 200700331697 because:

1.      Petitioner's was denied due process because he was denied adequate notice
        of the disciplinary charges against him;

2.      There was insufficient evidence to support the guilty findings;

3.      Petitioner was denied requested witnesses at the disciplinary hearing;

4.      TDCJ-CID did not conduct a proper investigation because they did not
        interview petitioner as to why he committed the offenses;

5.      Petitioner was denied effective assistance of counsel at the disciplinary
        hearings for failing to object to the denial of witnesses and the improper
        investigation;

6.      The disciplinary charges filed against petitioner were fabricated, retaliatory,
        and made to harass petitioner; and

7.      In No. 20070331697, petitioner was threatened by Major Norvel L. Arnold
        "with a freeworld felony offense and harm to Petitioner [if he] did not stop
        creating problems with his officers."


V.
EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be

granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an

exception to exhaustion exists. However, an application for a writ of habeas corpus may be denied on

the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts

of the State. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas

challenge to the determination resulting from a prison disciplinary procedure for which appeal is

available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980).

Such an appeal through the grievance process has been construed to constitute "the right under the law

of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see*

*also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[6]

Petitioner failed to properly challenge disciplinary proceeding No. 20070331692 (the assault

and failure to obey order case) through the of the prison grievance procedure. Petitioner's grievance

was returned to petitioner as improper and was not resubmitted to the grievance committee after

making corrections to the inappropriate relief requested by petitioner in his first grievance attempt. As

a result, petitioner's claims with regard to this disciplinary proceeding were never exhausted and he is

now procedurally barred, by TDCJ -CID time limits, from presenting his claims to state authorities.[7]

For this reason, petitioner's claims challenging disciplinary proceeding No. 20070331692 should be

dismissed for failure to exhaust and as procedurally barred.

## VI.
## ELIGIBILITY FOR MANDATORY SUPERVISION

Even though the Court has not been provided with the most recent decisions of the Texas

Board of Pardons and Paroles denying petitioner's release to mandatory supervision, the current

TDCJ-CID online Offender Information Detail reflects petitioner's projected release date is August

8, 2010, the same date as his maximum sentence date. When the Offender Information Detail

shows the projected release date to be the same as the maximum sentence date, such means the

---

[6]At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

[7]Petitioner attempts to excuse his failure to exhaust. He states in his reply brief that the rejection of his Step 1 grievance was sufficient to exhaust because he then could not file a Step 2 grievance. Petitioner's argument is not a valid basis to excuse his failure to exhaust. Petitioner could have corrected his Step 1 grievance, requesting appropriate relief and, if the proper Step 1 was denied, he could have submitted s Step 2 grievance. Petitioner must follow the proper procedures available to him before he can obtain review of his claims by this Court.

inmate is not scheduled for release to mandatory supervision. It is clear the Board has denied

petitioner mandatory supervised release on its last review and it now appears petitioner will not be

reconsidered for mandatory supervised release again prior to the discharge of his sentence in

August 2010.

Federal habeas relief cannot be granted unless the petitioner "has been deprived of some

right secured to him by the United States Constitution or the laws of the United States." *Hillard v.*

*Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir.1985). Texas' post-September 1, 1996

mandatory supervision scheme, although discretionary in part, has been held to create "a

constitutional expectancy of early release [to mandatory supervision] and, as such, a protected

liberty interest in previously earned good-time credits." *Teague v. Quarterman*, 482 F.3d 769 (5th

Cir. 2007). Petitioner became eligible for mandatory release when his actual time served plus his

accrued good-time credit equaled the term of imprisonment to which he had been sentenced. When

eligible for mandatory release, petitioner was entitled to due process protection before being

deprived of any of his good time credits through administrative or disciplinary proceedings.

Petitioner's statutory entitlement to release on mandatory supervision, however, terminated when

the parole panel exercised its discretion under section 508.149(b) to the Texas Government Code to

deny petitioner early release to mandatory supervision. With that denial, petitioner no longer had

any constitutional expectancy to early release,[8] because those discretionary findings resulted in

petitioner being "temporarily ineligible" for mandatory supervision release. *Cf. Ex parte Hill*, 208

S.W.3d at 462, 465.

In order to challenge a state prison disciplinary adjudication by way of a federal petition for

---

[8]The Board was only required to reconsider petitioner "for release to mandatory supervision at least twice during the two years after the date of [its original] determination." Tex. Gov't Code § 508.149(d)).

a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory release *and* have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). When petitioner became "temporarily ineligible" for release to mandatory supervision, he had no protected liberty interest in his good time credits. The decisions of the Board denying petitioner mandatory supervised release extinguished any future expectation of release on mandatory supervision. Once the parole board exercised its "narrowly limited modicum of discretion" and denied petitioner release to mandatory supervision, he no longer had any constitutional expectancy of early release to mandatory supervision. TDCJ-CID records indicate petitioner is not currently scheduled for early release, and further reflect petitioner's projected release date as his maximum discharge date. Consequently, petitioner has no protected liberty interest in his previously earned good time credits due to his ineligibility for release to mandatory supervision and, therefore, is not entitled to federal due process protection in this case.[9]

Since the loss of good time serves only to affect petitioner's possible release on parole, it does not implicate a liberty interest because there is no constitutional right to release on parole in the State of Texas. *Creel v. Keene,* 928 F.2d 707, 708-09 (5th Cir. 1991). In addition, the timing of petitioner's release is too speculative to give rise to a constitutionally protected liberty interest. *Malchi v. Thaler,* 211 F.3d 953, 959 (5th Cir.2000). Because petitioner has failed to show the

---

[9]The Texas Court of Criminal Appeals has held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations. *See Ex parte Geiken,* 28 S.W.3d 553, 558-60 (Tex.Crim.App. 2000). In light of the liberty interest created by the statute, the state court determined that constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard – *i.e.*, an opportunity to tender or have tendered to the Board information in support of release. *Id.* at 559-60. Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Id.* at 560. Also, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed. *Ex parte Ratzlaff,* 135 S.W.3d 45, 50 (Tex.Crim.App. 2004).

deprivation of a constitutionally protected liberty interest, this petition should be denied.

## VII.
## EFFECT ON DATE OF RELEASE

As of April 2, 2007, petitioner's total time credited was 8 years, 8 months, and 23 days. The restoration of the 365 days and 200 days of good time credits forfeited as a result of the disciplinary proceedings herein challenged would not affect the duration of petitioner's sentence because he currently has more than enough accumulated time credits to be released to mandatory supervision. Since reinstatement of good time credits lost, if any, as a result of the disciplinary proceeding will not result in petitioner's earlier release from confinement, there is no continuing case or controversy and petitioner's claims should be denied.

## VIII.
## MERITS

In his first ground, petitioner argues he was denied due process because he was denied adequate notice of the disciplinary charges against him. The record in No. 20070331697 reflects petitioner received written notice of his disciplinary hearing at 2:15 p.m. on July 27, 2007. Petitioner's hearing began at 1:29 p.m. on July 30, 2007. Petitioner received more than 24-hours advanced written notice of the charges against him prior to the hearing as required by *Wolff v. McDonnell*, 418 U.S. 539 (1974). Petitioner was not denied due process because of any inadequate notice of the charges.

In his second ground, petitioner contends there was insufficient evidence to support the finding of guilt to the charge of failing to obey an order, namely, to accept and move into cell C1-05B. Federal habeas review of the evidence in a prison disciplinary cases is limited. It is the law of

the Fifth Circuit that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Due process is satisfied when there is "some evidence" to support the disciplinary hearing's finding. Proof "beyond a reasonable doubt" is not required. *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001). Thus, as long as there is "any evidence at all" to support the disciplinary hearing officer's findings, the result of the hearing will be upheld. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)).

Here, the offense report, filed by Officer Davis, set out the sequence of events leading to petitioner's refusal of a housing assignment:

> [Petitioner] was ordered to pack and move to other cell. [Petitioner] packed his property and said he would lay in the floor so we could carry him out of his cell. Sgt. Kidd talked to [petitioner] in D space. He refused to move to another cell and [said he] would hurt the inmate in the cell he was going to. [Petitioner] stated he would do whatever it took to keep from moving into another cell.

Officers Sadler and Long were named as witnesses to the events resulting in the disciplinary offense charge. Officer Long's witness statement stated petitioner "did refuse housing when told of a cell change." At the hearing, petitioner pled guilty to the charged offense. During the hearing, petitioner made a statement that he refused the order to move into the newly assigned cell because the inmate in the new cell he was to enter differed from him in weight and size. Petitioner's stated reasons for refusing to obey the order do not contradict his admission of guilt of the offense. Petitioner's attempt to justify his commission of the offense does not negate the evidence demonstrating he did, in fact, commit the offense. This record clearly reflects "some evidence" to support the disciplinary finding that petitioner failed to obey an order. Petitioner's additional argument that the charging officer's report and testimony, alone, are not sufficient evidence to

support a finding of guilty is also without merit, particularly in light of petitioner's guilty plea. Petitioner's second ground should be DENIED.

In his third ground, petitioner argues he was denied requested witnesses at the disciplinary hearing, namely, the officers present during the incident and the inmate in the new cell in which he was placed. Petitioner was informed of his right to call witnesses but the record of the hearing, as well as the Service Investigation Work Sheet, reflect petitioner did not, in fact, request any witnesses. Other than making self-serving assertions, petitioner has not demonstrated he requested additional witnesses, that such witnesses were necessary, that the Hearing Officer denied petitioner's requests, or that any witness would have changed the result of the hearing. Petitioner's third ground should be DENIED.

In his fourth ground, petitioner argues TDCJ-CID did not conduct a proper investigation in his case because petitioner was not interviewed concerning the charged offense. In the Preliminary Investigation Report conducted by Officer Kidd it was reported that petitioner stated, "I ain't going to be in a cell with no one. I'll flooding [sic] the cell and do what it takes to get moved." Petitioner has not refuted this preliminary investigation report, nor has he demonstrated he was not provided the opportunity to make a statement during the preliminary investigation of his failing to obey an order charge. In fact, he pled guilty to the charge. Petitioner's fourth ground should be DENIED.

In his fifth ground, petitioner argues he was denied effective assistance of counsel at the disciplinary hearing. Specifically, petitioner asserts counsel substitute "refused [to] support the petitioner's [sic] in any way," and failed to argue "improper investigation, [and] the denial of petitioner's witnesses."

Inmates do not have a right to either retained or appointed counsel in prison disciplinary proceedings, *Baxter v. Palmigino*, 425 U.S. 308, 315 (1976), and cannot complain about the adequacy of the representation they receive. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). Even so, petitioner's complaint that counsel substitute was ineffective for failing to call witnesses on petitioner's behalf is without merit. As noted above, the record indicates petitioner entered a guilty plea to the failure to obey an order and did not request any witnesses. Petitioner has not proven such records are inaccurate. Petitioner cannot demonstrate, solely by self-serving assertions, that he identified witnesses he wished to call at the hearing and the substance of their testimony, that he requested counsel substitute to call said witnesses, that counsel substitute refused and/or failed to do so, that said witnesses would have been allowed to testify, and that petitioner was harmed by this failure to call additional witnesses. Petitioner's fifth ground should be DENIED.

In his sixth ground, petitioner argues the disciplinary charges made against him were fabricated, were made in retaliation against petitioner, and were made as a form of harassment. In his seventh ground, petitioner alleges he was threatened by Major Norvel L. Arnold "with a freeworld felony offense and harm to Petitioner [if he] did not stop creating problems with his officers" or stop "giving his officers problems with [petitioner's] legal threats." Petitioner has not submitted to the Court any evidence to support his allegations of fabrication, retaliation, harassment or threats. Instead, petitioner presents only his self-serving characterizations of various alleged actions on the part of TDCJ-CID employees. Without some additional actual evidence to support his assertions, petitioner's claims are not "of probative evidentiary value" and cannot, in and of themselves, result in habeas corpus relief. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Petitioner's allegations of fabrication, threats, retaliation and harassment are conclusory, fail to raise a cognizable claim on federal habeas review, and should be DISMISSED.

## IX.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DAVID LEE OLIVER be DENIED.

## X.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of October, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely

file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).